J-S31005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAURICE SMITH | : | |
| | : | |
| Appellant | : | No. 2598 EDA 2021 |

Appeal from the PCRA Order Entered November 12, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003502-2015

BEFORE: BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.: **FILED OCTOBER 12, 2022**

Maurice Smith appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We vacate the PCRA court's order and remand for further proceedings.

Appellant and Bryan Brown-Camp were charged with various crimes in the shooting death of Tevan Patrick. As summarized by this Court, Appellant and Brown-Camp "lured the victim into their car to ostensibly commit a robbery, but later killed him." *Commonwealth v. Brown-Camp*, 209 A.3d 525 (Pa.Super. 2019) (unpublished memorandum at 1-2). Appellant and Brown-Camp proceeded to a joint jury trial, at the conclusion of which they were both found guilty of third-degree murder and conspiracy to commit robbery. On direct appeal, this Court affirmed Appellant's judgment of

_____

[*] Former Justice specially assigned to the Superior Court.

sentence and our Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Smith***, 209 A.3d 1048 (Pa.Super. 2019) (unpublished memorandum), *appeal denied*, 216 A.3d 232 (Pa. 2019).

Appellant *pro se* timely filed the instant PCRA petition, his first. The PCRA court appointed current PCRA counsel, who filed an amended petition raising three claims of ineffective assistance of trial counsel. Following several more filings by the Commonwealth and Appellant, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. On November 12, 2021, the PCRA court formally dismissed Appellant's PCRA petition.

This timely filed appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant raises four claims of PCRA court error. ***See*** Appellant's brief at 4. Additionally, Appellant seeks to raise a claim that current counsel rendered ineffective assistance during the PCRA proceedings. Specifically, in Appellant's Rule 1925(b) statement, instant counsel raised a clam that the PCRA court erred in dismissing Appellant's petition where trial counsel allegedly failed to challenge Appellant's conviction based upon a discrepancy between the criminal information and the evidence produced at trial related to the date of Mr. Patrick's death. In its Rule 1925(a) opinion, the PCRA court found that Appellant had waived this claim because counsel raised it for the first time in Appellant's Rule 1925(b) statement. Counsel thereafter abandoned the claim. Since counsel is unable to assert his own ineffectiveness, he has filed an application for remand so that new

- 2 -

counsel may be appointed to pursue the ineffective-assistance-of-PCRA-counsel claim. ***See*** Appellant's brief at 4 & n.1; Application for Remand, 9/7/22. The Commonwealth has not responded to the application for remand.

We begin our review with Appellant's application for remand. Our Supreme Court has held that a PCRA petitioner may "raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Commonwealth v. Bradley***, 261 A.3d 381, 401 (Pa. 2021) (footnote omitted). In permitting petitioners to raise ineffectiveness claims as to PCRA counsel for the first time on appeal, the ***Bradley*** Court recognized that remand may sometimes be necessary:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

***Id***. at 402 (cleaned up). In other words, "appellate courts will have the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record." ***Id***. at 403. As observed by our Supreme Court, the appropriate forum for the development of an evidentiary record on PCRA claims is the PCRA court as the appellate

- 3 -

courts do not serve as fact-finding courts. **See Commonwealth v. Shaw**, 247 A.3d 1008, 1017 (Pa. 2021) (citations omitted).

Since Appellant is currently represented by PCRA counsel whose effectiveness he wishes to challenge, we conclude that he has complied with the requirement to raise this issue at the first opportunity to do so. Moreover, given that he is still represented by PCRA counsel, he has not had the opportunity to develop this claim before the PCRA court or this Court. Despite the claim being underdeveloped, it does not appear to be a mere boilerplate assertion of error. **See Bradley**, **supra**, at 402. Accordingly, we grant Appellant's application for remand to the PCRA court and vacate the order dismissing Appellant's PCRA petition. Upon remand, the PCRA court shall appoint new counsel, who shall file an amended petition on Appellant's behalf. In the amended petition, counsel will have the opportunity to fully develop Appellant's claim of PCRA counsel's ineffectiveness.[1] Thereafter, the PCRA court must address any claims properly raised in the amended petition.

Order vacated. Case remanded. Jurisdiction relinquished.

---

[1] Given our disposition, we do not address Appellant's remaining claims. On remand, new counsel may re-raise any original PCRA claims in the amended petition to ensure their preservation.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/12/2022</u>